IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

MARTIN A. GIROUX,

  Plaintiff,

v.

PAUL J. FOLEY, JR.,

  Defendant.

Case No. 2:19-cv-00187-cr

**Motion to Intervene, to Unseal, to Consider the Matter on an Expedited Basis, and (in the Alternative) to Clarify the Sealing Order**

Eugene Volokh moves to intervene to unseal the documents in this case, and to have this request considered on an expedited basis. Volokh is a professor at UCLA School of Law, and publishes a blog at the Reason Magazine site, http://reason.com/volokh, where he often writes about First Amendment matters and in particular about public access to court documents. (He is filing this motion solely in his personal capacity, as is customary for professors, and not on behalf of UCLA.) Volokh would like to write about this case, but he cannot do so effectively because of the sealing order.

Volokh also asks that, if this Court denies his motion to intervene or to unseal, it clarify whether the sealing order prevents Volokh from publishing or discussing copies of documents that he had downloaded before the sealing order was entered.

**Memorandum of Law in Support of the Motion**

**I. Volokh should be allowed to intervene**

Volokh is moving to assert his own First Amendment and common-law rights of access. "Representatives of the press . . . must be given an opportunity to be heard on

1

the question of their exclusion from a court proceeding, and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) (internal quotation marks and citations omitted). Indeed, the right of access is that of "both the public and the press," *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004), and Volokh is a member of both the public and the press. In either capacity, he is allowed to intervene pro se to assert his own rights. *See, e.g.*, *Bonner v. Justia Inc.*, No. 3:18-cv-9187, 2019 WL 3892858, *2 (D.N.J. Aug. 19, 2019) (authorizing such pro se intervention); *Grube v. Trader*, 142 Haw. 412, 428-29, 420 P.3d 343, 359-60 (2018) (same).

## II. Whether this case is sealed is governed by federal common law and the First Amendment, not the Vermont statute to which the Motion to Seal appeals

The docket entry for Defendant's Motion to Seal suggests that defendant is relying on Vermont's statute that calls for mandatory sealing (whether temporary or permanent) of documents in childhood sexual abuse cases, 12 V.S.A. § 522(b). But "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); the rules controlling access to court files are procedural, not substantive. And, of course, even if the Vermont statute did apply in federal court, it would be trumped by the First Amendment right of access. *See, e.g.*, *Burkle v. Burkle*, 135 Cal. App. 4th 1045, 1048, 1070, 37 Cal. Rptr. 3d 805, 808, 827 (2006) (statute requiring "a court, upon the request of a party to a divorce proceeding, to seal any pleading that lists and

provides the location or identifying information about the financial assets and liabilities of the parties" "is unconstitutional on its face as an undue burden on the First Amendment right of public access to court records").

### III. The public has a presumptive right of access to complaints, court orders, motions to seal, and the docket

**A. Complaints:** Under both federal common law and the First Amendment, the public has a presumptive right of access to complaints. *Bernstein v. Bernstein Litowitz Berger & Grossmann*, 814 F.3d 132, 140-41 (2d Cir. 2016). "'A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.'" *Id.* at 140 (quoting *FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013)).

"Public access to complaints allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.* at 141. "Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings. It is the complaint that invokes the powers of the court, states the causes of action, and prays for relief." *Id.* at 142. And "the utility of the complaint to those who monitor the work of the federal courts" further supports the presumption in favor of access. *Id.* at 143.

Indeed, there is a right of access even as to complaints in cases in which the parties have settled before an answer was filed. *Id.* at 140. "[P]leadings are considered judi-

cial records 'even when the case is pending before judgment or resolved by settlement.'" *Id.* (citation omitted). The public thus has a right to access complaints in pending cases, in the weeks before an answer is filed, in the months while a motion to dismiss may be pending, and after any motion to dismiss is granted.

**B. Court orders:** The right of access is especially strong for court orders—"it should go without saying that the judge's opinions and orders belong in the public domain." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000); *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (quoting *Union Oil* on this point).

**C. Motions to seal:** The right of access also applies "to all material filed in connection with nondiscovery pretrial motions, whether these motions are case dispositive or not." *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). "The common law right of access . . . encompasses all 'judicial records and documents.' It includes 'transcripts, evidence, pleadings, and other materials submitted by litigants . . . .'" *United States v. Martin*, 746 F.2d 964, 968 (3d Cir. 1984) (citations omitted). This covers motions to seal.

**D. The docket:** The case appears to be entirely sealed on PACER, so it is impossible to even view the docket entries. (Volokh has been able to access the entries because they are still visible on Bloomberg Law.) Yet "the public and press enjoy a qualified First Amendment right of access to docket sheets." *Hartford Courant Co.*, 380 F.3d at 86.

## IV. This strong presumption of public access is not rebutted here

"To overcome the First Amendment right of access, the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest,'" *Bernstein*, 814 F.3d at 144 (citing *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)), using "'specific, on-the-record-findings,'" *id.* at 145 (citation omitted). Likewise, even the common-law right of access to documents "presented to the court to invoke its powers or affect its decisions" "can be overcome only by extraordinary circumstances." *Id.* at 142 (internal quotation marks omitted). "In making the decision [whether to seal], the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (citation omitted).

Volokh unfortunately cannot speak specifically to the defendant's argument for sealing, precisely because the motion to seal is itself sealed. But it is not clear what "higher values" and "extraordinary circumstances," *see Bernstein*, 814 F.3d at 144, can justify categorical sealing (whether temporary or permanent) of the complaint, the notice of removal, the motion to seal, and the sealing order.

In particular, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records," *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The danger of reputational harm and embarrassment is commonplace in court proceedings, which almost always proceed in public. "Adjudicating claims that carry the potential for embarrassing or injurious

revelations about a [party's] image . . . are part of the day-to-day operations of federal courts." *Doe v. Public Citizen,* 749 F.3d 246, 269 (4th Cir. 2014).

Indeed, the same reputational arguments for secrecy could be made by defendants in a wide range of other intentional tort cases. And of course some criminal defendants might prefer to have all the allegations against them tried in secret as well. Yet the right of access to court records precludes such secrecy. A motion to seal is "properly denied" when the concerns on which it rests "could apply to nearly all cases filed in the federal courts." *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008)

"[P]ublic access promotes . . . the public's interest in monitoring the functioning of the courts." *Doe,* 749 F.3d at 266. "It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed." *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884) (Holmes, J.); *see also, e.g., Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (relying on the *Cowley* analysis). Public access is the general rule in federal cases, and there is no basis for an exception in this case.

## V. This request should be considered expeditiously

The sealing order, as argued above, affects First Amendment rights to write about pending litigation. In such a situation, "[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) (internal quotation marks omitted). Because of this, decisions on motions to unseal should be made "expeditiously," *id.*, just as the motion to seal was itself considered and granted expeditiously.

Volokh has himself been diligent in pursuing this motion. The motion to seal was filed Monday, Oct. 28, 2019; Volokh learned of it around 3 p.m. on Tuesday; that motion was granted Thursday; and he sent this motion by Monday delivery on Friday, Nov. 1, with a replacement sent on Monday, Nov. 4, after he was alerted by the Clerk of Court that the motion required ink signatures. (He could not file it by ECF, precisely because the case is sealed.)

## VI. If the documents are not unsealed, Volokh asks this Court to clarify whether he is restrained from publishing or discussing the copy of the Notice of Removal and the Complaint that he obtained before they were sealed

Volokh also asks that, if the Court denies the motion to unseal, it inform Volokh whether this sealing order prevents him from publishing or discussing copies of the Notice of Removal, of the Complaint, and of the docket, all of which he downloaded before they were sealed. Volokh has researched whether such sealing orders preclude authors—including those who are members of the media but also members of a bar, as he is—from writing about material that they had lawfully downloaded before it was sealed; but he has not been able to find a clear answer.

*Florida Star v. B.J.F.*, 491 U.S. 524, 536 (1989), suggests that he would not be bound by such an order: That case holds that members of the media have a First Amendment right to publish government records they have lawfully obtained, even

7

when state law expressly says otherwise, and even when the records had been erroneously released to them. It follows that the right would be even clearer when the records had been properly released (by being posted on PACER before any sealing was imposed) but a court later sought to recall them using a sealing order.

But *Florida Star* does not speak to whether the same rule applies to writers who, though not involved as lawyers in the underlying litigation, are nonetheless members of a bar. Volokh would like to clearly understand what his obligations are, in the event that his motion to unseal is denied.

## Conclusion

For these reasons, Volokh asks to be allowed to intervene, and asks that all the sealed documents in this case be expeditiously unsealed.

Dated November 4, 2019, Los Angeles, California.

Respectfully submitted,

*Eugene Volokh*

Eugene Volokh, pro se
UCLA School of Law
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
Fax (310) 206-7010
volokh@law.ucla.edu