UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MARTIN A. GIROUX,<br>    Plaintiff | )<br>)<br>) |
| v. | )   Case No. 2:19-cv-187<br>) |
| PAUL J. FOLEY, JR.,<br>    Defendant | )<br>) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Plaintiff Martin A. Giroux ("Mr. Giroux"), by his attorneys, Gravel & Shea PC, hereby opposes Defendant Paul J. Foley, Jr.'s ("Mr. Foley") Motion to Strike. In support of his Opposition, Mr. Giroux submits the following memorandum of law.

Procedural Posture

Mr. Giroux filed the complaint ("the Complaint") in this case in the Chittenden Superior Court on September 20, 2019, in which he alleges that Mr. Foley sexually abused him as a child. Mr. Giroux is a citizen of the State of New Jersey. Mr. Foley is a citizen of the State of Kansas.

On October 22, 2019, Mr. Foley removed the Complaint to this Court under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Mr. Foley then filed a motion to dismiss for lack of personal jurisdiction and a Motion to Strike ("the Motion").

Plaintiff has responded in opposition to the motion to dismiss and now files an opposition to the motion to strike.

Relief Requested

Denial of the Motion.

Argument

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "[s]trike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff's Complaint is not subject to a motion to strike for any of the reasons contained in Rule 12(f).

Motions to strike are intended to serve the purpose of avoiding expenditures of time and resources that would arise from litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010). Moreover, the language challenged must have no bearing on the subject matter of the litigation and permitting their inclusion will prejudice the Defendant. *First City Nat'l Bank & Trust Co. v. FDIC*, 730 F. Supp. 501 (E.D.N.Y. 1990).

> Unless it is clear that portions of the pleadings "sought to be struck [have] 'no bearing on the subject matter of the litigation and that [their] inclusion will prejudice the defendant, the complaint should remain intact.'" An informed decision on whether or not to strike material in the pleadings, including a determination of relevance, often may not be made until a trial begins to unfold. The Amended Complaint describes Schiff as a central figure in the alleged RICO enterprise and a moving force behind the racketeering activity. Schiff's death allegedly triggered the investigation that exposed the enterprise and related activity. Therefore, at least for now, the motion to strike is denied.

*Id.* at 514 (citations omitted).

Defendant does not appear to assert that the language of the Complaint which he seeks to strike is impertinent, but rather, apparently, that the information is immaterial or scandalous.

> Statements are to be stricken as "scandalous" only when they contain allegations "that unnecessarily reflects on the moral



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369

character of an individual or states anything in repulsive language that detracts from the dignity of the court."

*Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004) (citations omitted).

*Barcher v. New York Univ. Sch. of Law*, 993 F. Supp. 177 (S.D.N.Y. 1998), likewise makes it clear that there is no basis to strike any part of Plaintiff's Complaint. The *Barcher* court noted that district courts in the Second Circuit must be wary of motions to strike.

> While the Court recognizes that plaintiff's sexual harassment claims arise from unproven and unreported events that allegedly occurred over twenty years ago, the Second Circuit has stated clearly that district courts should be wary when deciding whether to grant a Rule 12(f) motion on the ground that the matter is impertinent and immaterial. *See Lipsky v. Com. United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Accordingly, courts must deny such a motion, "unless it can be shown that no evidence in support of the allegation would be admissible." *Id.* at 893; *see also Gleason v. Chain Service Restaurant*, 300 F. Supp. 1241 (S.D.N.Y. 1969), *aff'd*, 422 F.2d 342 (2d Cir. 1970). In the instant matter, that is simply not the case, for plaintiff certainly could testify as to the alleged harassment. Therefore, the exception enabling the striking of such material is not applicable.

*Id.* at 181.

Plaintiff set out factual descriptions of the actions taken by Defendant as part of his process of grooming and sexually abusing children. These assertions are not scandalous within the meaning of Rule 12(f); they are factually accurate, specific facts that are essential to the case. Plaintiff will prove every factual assertion made in the Complaint as predicate events to the sexual abuse of him as alleged in the Complaint.

In short, there is no basis for a motion to strike. In addition, the issue is moot as a practical matter inasmuch as the Court has permitted the filing of a redacted Complaint that removes from public view the information Defendant apparently seeks to have excised from the Complaint.



gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369

## Conclusion

The Court should deny the Motion to Strike.

Dated:	Burlington, Vermont
	December 23, 2019

*Jerome F. O'Neill*
Jerome F. O'Neill, Esq.
Celeste E. Laramie, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
joneill@gravelshea.com
claramie@gravelshea.com
For Plaintiff

gravel & shea ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369