U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 APR -6 PM 3: 44

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MARTIN A. GIROUX, )
)
Plaintiff, )
)
v. ) Case No. 19-cv-00187
)
PAUL J. FOLEY, JR., )
)
Defendant. )

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION TO STRIKE
(Docs. 18, 23)

Plaintiff Martin A. Giroux brings this action against Defendant Paul J. Foley, Jr., alleging that Defendant sexually abused him in Vermont when Plaintiff was fifteen years old in violation of 12 V.S.A. § 522. On November 14, 2019, Defendant filed a motion to dismiss for lack of personal jurisdiction, arguing that he lacks minimum contacts with Vermont and that an exercise of personal jurisdiction would violate due process and would be unreasonable. (Doc. 18.) Plaintiff filed an opposition on December 16, 2019.

In response to the court's December 2, 2019 Order that the Complaint be unsealed, Defendant filed a proposed redacted Complaint and a motion to strike certain allegations because they are immaterial and inflammatory. (Doc. 23.) The court approved the redacted Complaint and deferred adjudication on Defendant's motion to strike until it became ripe. Plaintiff opposed on December 23, 2019. Defendant filed a reply to both motions on January 6, 2020, at which time the court took them under advisement.

Plaintiff is represented by Jerome F. O'Neill, Esq., and Celeste E. Laramie, Esq. Defendant is represented by Lisa B. Shelkrot, Esq., and Monte Vines, Esq.

I.      **Facts Alleged in the Complaint.**

Plaintiff is a citizen of the State of New Jersey and Defendant is a citizen of the State of Kansas. Plaintiff alleges that Defendant took him to Vermont in approximately

July or August of 1984, when Plaintiff was fifteen years old, and sexually assaulted him in violation of 12 V.S.A. § 522.

Plaintiff further asserts that Defendant groomed him by taking him on trips by car, bus, and both private and commercial airplane in Vermont, Kansas, Missouri, Florida, Oklahoma, Colorado, Tennessee, and Canada; and by paying for hotels, restaurants, meals, entertainment, and other miscellaneous expenses. Defendant allegedly knew that Plaintiff would find his sexual advances "difficult to resist" because he gave Plaintiff gifts and spent money on him. (Doc. 9-1 at 2, ¶ 7.)

Plaintiff initially filed suit in the Vermont Superior Court on September 20, 2019 and alleged that the state court had jurisdiction because "the events described in this Complaint took place in the State of Vermont." *Id.* at 1, ¶ 4. He alleges a single cause of action which he identifies as "outrageous conduct[.]"[1] *Id.* at 3, ¶¶ 10-11. Defendant removed the lawsuit to this court on October 22, 2019.

## II. Affidavits in Support of the Parties' Briefing.

Because Defendant moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the court may consider evidence outside the Complaint, including affidavits submitted by the parties. *See Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019) (holding the court may consider "evidence outside the pleadings[]" under "Rule 12(b)(2), where district courts have considerable procedural leeway, which includes permitting discovery in aid of the motion or conducting an evidentiary hearing on the merits of the motion") (alterations, citations, and internal quotation marks omitted).

---

[1] Although a tort for "outrageous conduct" does not exist under Vermont law, the court construes it as a claim for intentional infliction of emotional distress. *See Davis v. Am. Legion, Dep't of Vermont*, 2014 VT 134, ¶ 19, 198 Vt. 204, 212, 114 A.3d 99, 105-06 ("A prima facie claim for intentional infliction of emotional distress (IIED) must demonstrate 'outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct.'") (quoting *Fromson v. State*, 2004 VT 29, ¶ 14, 176 Vt. 395, 399, 848 A.2d 344, 347).

Defendant attests that he is eighty-four years old and has lived in Kansas since he was five years old. Due to "a number of chronic and serious medical issues[,]" he is not ambulatory and requires an electric mobility scooter to move independently. (Doc. 18-1 at 1, ¶ 4.) He also receives full-time assistance with his "activities of daily living" and his health care, including twenty-four-hour home-care assistance. *Id.* at 1, ¶ 5.

Although a citizen of New Jersey, Plaintiff lived in Kansas as a child and states that his father was a close friend of Defendant. In the summer of 1984, Plaintiff asserts that Defendant planned a vacation to Vermont and Canada with Plaintiff's and Defendant's families. Defendant arranged for Plaintiff, Plaintiff's mother, some of Plaintiff's siblings, and Defendant's son and daughter to travel on a private jet to Vermont, for which Plaintiff believes Defendant or his company paid. Plaintiff's and Defendant's families traveled from Vermont to Canada for the night and then returned to Vermont.

While in Vermont, Plaintiff's and Defendant's families visited Plaintiff's grandmother; drove to Stowe, Vermont; and ate lunch at the Top Notch Resort.[2] While in Vermont, Plaintiff stayed with Defendant and Defendant's son in a hotel room that Defendant reserved and paid for. Plaintiff asserts Defendant sexually assaulted him in the hotel room while Defendant's son was not in the room.

### III. Conclusions of Law and Analysis.

#### A. Whether the Court May Exercise Personal Jurisdiction Over Defendant.

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "Until an evidentiary hearing is held . . . the plaintiff need make only a prima facie showing that jurisdiction exists[.]" *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). "In evaluating whether the requisite showing has been made, [the court]

---

[2] Attached to Plaintiff's affidavit are ten photographs allegedly depicting parts of the trip to Vermont.

3

construe[s] the pleadings and any supporting materials in the light most favorable to the plaintiff[]." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

"The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (citation omitted). "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted).

Defendant maintains that the court does not have personal jurisdiction over him because his only contact with Vermont occurred on one weekend trip thirty-five years ago. Even if the court deemed this trip a minimum contact giving rise to specific jurisdiction, Defendant argues the exercise of jurisdiction would violate the Fourteenth Amendment's Due Process Clause because he is an "ailing, non-ambulatory octogenarian" who lives in Kansas, none of the potential witnesses live in Vermont, and neither party is a Vermont resident. (Doc. 18 at 6-7.) Defendant further asserts "there is no shared interest of the states in furthering substantive social policies" because "[w]hile Vermont may have an interest in providing recourse for torts purportedly committed within its borders, other interested states—Kansas, for example—have a substantial interest in freeing their citizens from litigating stale claims and in giving individuals repose for ancient breaches of law." *Id.* at 7.

"In the absence of a federal statute specifically directing otherwise, and subject to limitations imposed by the United States Constitution, [the court] look[s] to the law of the forum state to determine whether a federal district court has personal jurisdiction[.]" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016) (citing Fed. R. Civ. P. 4(k)(1)(A)). As the Second Circuit has explained:

> [I]n resolving questions of personal jurisdiction in a diversity action, a district court must conduct a two-part inquiry. First, it must determine

4

whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process.

*Ehrenfeld v. Mahfouz*, 489 F.3d 542, 547 (2d Cir. 2007) (internal quotation marks omitted) (alteration in original) (quoting *Metro. Life Ins. Co.*, 84 F.3d at 567).

In Vermont, a court may exercise personal jurisdiction over a non-resident defendant "to the full extent permitted by the . . . Due Process Clause" of the Fourteenth Amendment. *State v. Atl. Richfield Co.*, 2016 VT 22, ¶ 10, 201 Vt. 342, 349, 142 A.3d 215, 220 (internal quotation marks omitted); *see also In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 38 (2d Cir. 2014) ("Vermont's long-arm statute[] . . . reflects a clear policy to assert jurisdiction over individual defendants to the full extent permitted by the Due Process Clause.") (internal quotation marks omitted).[3] As a result, "the first part of [the] inquiry—the interpretation of the Vermont law governing service of process—merges with the second part of the jurisdictional test: whether the court's exercise of personal jurisdiction over the defendant satisfies the requirements of due process." *Metro. Life Ins. Co.*, 84 F.3d at 567. This "analysis consist[s] of two components: the 'minimum contacts' test and the 'reasonableness' inquiry." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 127 (2d Cir. 2002); *see also N. Aircraft, Inc. v. Reed*, 572 A.2d 1382, 1386 (Vt. 1990) (providing that "once the court determines that a nonresident defendant has purposefully established minimum contacts within the forum State, several factors must be considered to ensure that exercising personal jurisdiction over the defendant is reasonable") (citation and internal quotation marks omitted).

### 1. Whether Defendant Has Minimum Contacts with Vermont.

In determining minimum contacts, a distinction is made between "specific (also

---

[3] Defendant argues that Vermont's long-arm statute, 12 V.S.A. § 913(b), does not expressly confer jurisdiction over individuals accused of committing torts within Vermont. However, § 913(b) includes not only torts but *any* "activity in the State by the party . . . sufficient to support a personal judgment against him[.]" *Id.*

5

called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction." *Lockheed Martin*, 814 F.3d at 624. Plaintiff makes no argument regarding general jurisdiction and contends only that the court has specific jurisdiction over Defendant arising from his alleged sexual assault of Plaintiff in Vermont.

"[A] State may authorize its courts to exercise [specific] personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (third alteration in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "For the purpose of establishing specific personal jurisdiction, the necessary fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *In re Terrorist Attacks*, 714 F.3d at 674 (internal quotation marks omitted). The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).

Plaintiff's allegations arise out of conduct that took place in Vermont, among other places. He argues Defendant purposefully directed certain activities to this state by planning, paying for, and committing the acts that give rise to Plaintiff's claim. Although a weekend trip is Defendant's only alleged contact with Vermont, "even a single act can support jurisdiction" so long as "it creates a substantial connection with the forum" based on the "nature and quality and the circumstances of [its] commission[.]" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 n.18 (1985) (internal quotation marks omitted); *see also Goodyear*, 564 U.S. at 924 (holding a court examines "whether there was *some act* by which the defendant purposefully avail[ed] itself") (alteration in original) (emphasis supplied) (internal quotation marks omitted) (quoting *Hanson v. Denckla*, 357

U.S. 235, 253 (1958)); *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) ("It is sufficient for purposes of due process that the suit was based on *a* contract which had substantial connection with that State.") (emphasis supplied). If the single act alleged is an intentional tort that gives rise to the plaintiff's cause of action, that tort alone "may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." *Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008); *see also Lewis v. Fresne*, 252 F.3d 352, 359 (5th Cir. 2001) (finding that a single phone call with the forum state constituted sufficient minimum contacts because the defendants allegedly "intentionally defrauded" the plaintiff in that communication).

In this case, far from *de minimis*, the single act constituting Defendant's contact with Vermont is alleged to be an intentional tort with a minor victim that involved both planning and purposeful availment of facilities in Vermont. Accepting the facts pled in the Complaint as true and crediting Plaintiff's affidavit, the "intentional conduct by [Defendant] . . . creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The first prong of the personal jurisdiction test is therefore satisfied.

### 2. Whether the Exercise of Personal Jurisdiction Over Defendant Is Reasonable.

"While the exercise of jurisdiction is favored where the plaintiff has made a threshold showing of minimum contacts at the first stage of the inquiry, it may be defeated where the defendant presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Metro. Life Ins. Co.*, 84 F.3d at 568 (quoting *Burger King*, 471 U.S. at 477). The reasonableness inquiry centers on whether the exercise of personal jurisdiction would offend "'traditional conception[s] of fair play and substantial justice' embodied in the Due Process Clause of the Fourteenth Amendment." *Burger King*, 471 U.S. at 464 (alteration in original) (quoting *Int'l Shoe*, 326 U.S. at 320). In making this determination, the court evaluates:

> [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in

7

furthering fundamental substantive social policies.

*Id.* at 477 (internal quotation marks omitted).

"The import of the 'reasonableness' inquiry varies inversely with the strength of the 'minimum contacts' showing—a strong (or weak) showing by the plaintiff on 'minimum contacts' reduces (or increases) the weight given to 'reasonableness.'" *Bank Brussels Lambert*, 305 F.3d at 129 (citation omitted). "[B]ecause Plaintiff[] [has] not made a compelling demonstration of minimum contacts, the court examines the fairness factors with greater scrutiny." *Retail Pipeline, LLC v. JDA Software Grp., Inc.*, 2018 WL 1621508, at *13 (D. Vt. Mar. 30, 2018) (citation and internal quotation marks omitted).

### a. The Burden on Defendant.

"[T]he primary concern is the burden on the defendant." *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (citation and internal quotation marks omitted). Defendant argues that the burden on him to litigate in Vermont would be substantial because he is a non-ambulatory eighty-four-year-old man who lives outside of Wichita, Kansas and requires twenty-four-hour healthcare assistance. While the Second Circuit has generally held that "the conveniences of modern communication and transportation ease" the burden on out-of-state defendants, *see Licci*, 732 F.3d at 174 (quoting *Metro. Life Ins. Co.*, 84 F.3d at 574), because of his health conditions, Defendant may not easily use modern conveniences or mass transportation. Defending a lawsuit and attending trial in Vermont would therefore impose obstacles for Defendant that would be somewhat difficult to alleviate.

On the other hand, Defendant's physical presence in Vermont is likely to be required only for trial. As Plaintiff points out, Defendant is represented by competent counsel in both Vermont and Kansas and may seek to be deposed via video recording. Defendant's poor health alone therefore does not render the exercise of jurisdiction unreasonable. *See Khankhanian v. Khanian*, 2017 WL 1314124, at *4 (S.D.N.Y. Apr. 6, 2017) (rejecting the defendant's argument that the exercise of jurisdiction would be unreasonable where the "only burden Defendant alludes to is that his health has deteriorated").

8

### b. Vermont's Interest in Adjudicating the Dispute.

Defendant contends that Vermont has a "limited interest in regulating the conduct between two out-of-state residents whose relationship centered in Kansas, particularly when the purported conduct is over [thirty-five] years old." (Doc. 18 at 6.) Although neither party is a resident of Vermont, "it is beyond dispute that [Vermont] has a significant interest in redressing injuries that actually occur within the State." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776 (1984). As the Supreme Court has explained:

> A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tortfeasor shall be liable for damages which are the proximate result of his tort.

*Id.* (citations and internal quotation marks omitted).

Plaintiff asserts that he was sexually assaulted in Vermont and brings suit pursuant to a Vermont statute enacted for the sole purpose of allowing persons to recover "for injury suffered as a result of childhood sexual abuse . . . at any time after the act alleged to have caused the injury or condition." 12 V.S.A. § 522(a). By enacting § 522, Vermont's Legislature has expressed a clear interest in redressing childhood sexual assaults that occurred in Vermont, regardless of when they occurred. *See* 12 V.S.A. § 522(d) ("[T]his section shall apply retroactively to childhood sexual abuse that occurred prior to [] July 1, 2019, irrespective of any statute of limitations in effect at the time the abuse occurred."); *see also Red Bull Assocs. v. Best Western Int'l, Inc.*, 862 F.2d 963, 966 (2d Cir. 1988) (noting the public policy significance of "a clear statutory declaration" that certain legal actions are to be "encouraged") (footnote omitted).

### c. Plaintiff's Interest in Obtaining Convenient and Effective Relief.

In arguing that maintaining suit in Vermont is not convenient or effective for Plaintiff, Defendant correctly asserts that Plaintiff "is not a Vermont citizen and [he] has not identified any witnesses or other evidence more convenient to that forum." *Metro. Life Ins. Co.*, 84 F.3d at 574. Plaintiff identifies several potential witnesses, including his mother and siblings, Defendant's son and daughter, and Plaintiff's grandmother, none of

whom are described as current Vermont residents.[4] Defendant's son and daughter live in Kansas. Defendant is therefore likely correct that Plaintiff's "only interest in litigating in Vermont stems from [his] belief that the forum may offer a more generous statute of limitations—and indeed, may be the only jurisdiction in which [his] suit is not barred." *Id.* (finding this factor weighed in favor of dismissal). This does not, however, negate Plaintiff's interest in obtaining convenient and effective relief in Vermont, rather, it underscores his reason for bringing suit here.

The Supreme Court has counseled that "any potential unfairness in applying [a state's] statute of limitations . . . has nothing to do with the jurisdiction of the Court to adjudicate the claims" as the "successful search for a State with a lengthy statute of limitations is no different from the litigation strategy of countless plaintiffs who seek a forum with favorable substantive or procedural rules or sympathetic local populations." *Keeton*, 465 U.S. at 778-79. Vermont is the locus of the alleged assault, rendering it one of the forums where Plaintiff could bring suit. *See* 28 U.S.C. § 1391(b) (noting that venue exists in the judicial district where a defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where the defendant is subject to personal jurisdiction).

"[T]he plaintiff's choice of forum is the best indicator of [his] own convenience[.]" *Cabot Hosiery Mills, Inc. v. 7mesh Indus., Inc.*, 2016 WL 9526678, at *5 (D. Vt. June 8, 2016) (citation and internal quotation marks omitted). In this case, that choice is Vermont.

### d. The Interstate Judicial System's Interest in Obtaining the Most Efficient Outcome.

In evaluating the efficiency interests of the interstate judicial system, "courts generally consider where witnesses and evidence are likely to be located." *Metro. Life Ins. Co.*, 84 F.3d at 574 (collecting cases). Although Plaintiff has not identified any witnesses in Vermont and neither party is a resident of this state, the alleged assault

---

[4] Plaintiff's grandmother lived in Burlington, Vermont at the time of the alleged assault in 1984. It is not clear whether she still lives in Vermont.

occurred in Vermont. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 245 (2d Cir. 1999) (finding the exercise of jurisdiction in New York proper where "the allegedly defective machine is located in New York, the site of the accident"); *Cf. Metro. Life Ins. Co.*, 84 F.3d at 574-75 (holding that dismissal was appropriate where no witnesses or other evidence were located in Vermont, neither party was a resident, and "Florida, the locus of the alleged tort . . . ha[s] far more significant interest[] in resolving the dispute"). Although Kansas may be a forum with a greater connection to the events that give rise to Plaintiff's claim, neither Kansas nor Vermont is likely to be a repository for substantial documentary or physical evidence. Instead, the case is likely to turn on the testimony of witnesses. *See Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015) (holding the fourth fairness factor is "neutral: the controversy can be resolved efficiently in either New York or Pennsylvania").

### e. Policy Considerations.

Finally, the court considers "the common interests of the several states in promoting substantive social policies." *Metro. Life Ins. Co.*, 84 F.3d at 575. Defendant asserts that Kansas has a substantial interest in protecting its citizens from stale claims. Assuming *arguendo* that Defendant's contention is true, the Vermont Legislature has asserted a competing interest in allowing victims of childhood sexual assault to bring claims regardless of how much time has passed since the alleged assault. *See* 12 V.S.A. § 522(a). Vermont law is likely to govern Plaintiff's claim, and a Vermont court is better poised to interpret Vermont law. Because Defendant has not demonstrated how Kansas's purported interest "might possibly render jurisdiction in [Vermont] *unconstitutional*[,]" *Burger King*, 471 U.S. at 483 (emphasis in original), substantive policy considerations favor Vermont.

On balance, the majority of fairness factors favor the exercise of personal jurisdiction in Vermont. Although Defendant is in poor health and will face hardship in defending suit in Vermont, this is not a case where litigation in Vermont is "so gravely difficult and inconvenient" that he is "at a severe disadvantage in comparison to his opponent." *Id.* at 478 (citation and internal quotation marks omitted).

Because Defendant's minimum contacts support an exercise of specific personal jurisdiction and because such an exercise of jurisdiction is reasonable, Defendant's motion to dismiss due to lack of personal jurisdiction is DENIED.

### B. Whether the Court Should Strike Certain Factual Allegations from the Complaint.

Pursuant to Fed. R. Civ. P. 12(f), the court may upon a motion made by either party "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). As a result, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also MadGrip Holdings, LLC v. West Chester Holdings, Inc.*, 2017 WL 4335028, at *3 (D. Vt. Sept. 27, 2017) (holding motions to strike are "disfavored," which is "particularly so when . . . there has been no significant discovery") (alteration in original) (citation omitted).

"In order to succeed on a motion to strike, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Citibank N.A. v. City of Burlington*, 971 F. Supp. 2d 414, 422 (D. Vt. 2013) (citation and internal quotation marks omitted).

Plaintiff has filed a four-page Complaint that includes, for no apparent purpose, generalized allegations of torts committed against unnamed individuals. Plaintiff cannot recover for Defendant's alleged conduct involving other individuals and has no standing to bring claims on those individuals' behalf. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Plaintiff's reference to other potential victims is therefore superfluous and has the potential to cause unfair and unnecessary prejudice. *See Bray v. Purple Eagle Entm't, Inc.*, 2019 WL 549137, at *4 (S.D.N.Y. Feb. 12, 2019)

(holding allegations concerning "other litigation" that did not mention plaintiff should be stricken from the complaint because they "have no bearing on the parties' claims or defenses" and "will likely be prejudicial") (citation and internal quotation marks omitted). Although evidence of other acts may be admissible at trial, see Fed. R. Evid. 404(b) and 415(a), the court need not make that evidentiary determination at this time.

Moreover, as currently framed, Defendant cannot respond appropriately to the Complaint's allegations against him because those allegations are intertwined with claims involving unnamed individuals. Plaintiff's inclusion of non-parties in his allegations thus confuses his claim against Defendant rather than clarifying it.

Because the Complaint contains unfairly prejudicial and superfluous allegations regarding unnamed individuals not before the court, a motion to strike is the appropriate mechanism to remove those allegations from the Complaint. *See Brown v. Maxwell*, 929 F.3d 41, 51-52 (2d Cir. 2019) (noting a Fed. R. Civ. P. 12(f) motion may be used to strike material which is "not relevant to the performance of the judicial function") (citation and internal quotation marks omitted); *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 512 (S.D.N.Y. 2013) (striking allegations when they served "no purpose except to inflame the reader") (citation and internal quotation marks omitted).

For the above-stated reasons, the court GRANTS Defendant's motion to strike certain factual allegations from the Complaint. The redacted Complaint proposed by Defendant shall serve as the operative Complaint.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion to dismiss for lack of personal jurisdiction (Doc. 18) and GRANTS Defendant's motion to strike certain

factual allegations from the Complaint. (Doc. 23.)

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 6th day of April, 2020.

                                               Christina Reiss, District Judge
                                               United States District Court